NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WALTER W. YOUNG, JR., | : |
| Plaintiff, | : **Hon. Dennis M. Cavanaugh** |
| v. | : **OPINION** |
| TOWNSHIP OF IRVINGTON, et al., | : Civil Action 2:11-cv-6855 (DMC)(MF) |
| Defendants. | : |

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before this Court upon nine motions to dismiss by Defendants Irvington Police Department (ECF No. 37), Ralph Collura, Jamie Oliveira (ECF No. 39), Harold C. Bork, Jr., Andrew Boryschuk, Miles Brown, Michael L. Chase, Michael V. Damiano, Maurice Gattison, Thomas P. Massimino, Stephen McNally, Sharon Noel (ECF No. 42), Melvin Shamberger, Franciszek P. Piwowareczyk, John J. Molisso, Crawford Whiting (ECF No. 43)[1], Marvin Braker, Gustavo G. Garcia, Irvington Police Department and Willie Parker (ECF No. 47), Nicholas J. Gargas (ECF No. 50), Ladimir Tavares (ECF No. 51), Charles P. Burghart (ECF No. 61), Stephen F. McNally (ECF No. 70), Anthony J. Iacullo, Law Office of Iacullo Martino, Inc. (ECF No. 78). Pursuant to FED. R. CIV. P. 78, stating that the Court has the authority to provide for submitting and determining the motions on briefs without oral hearings, no oral

---

[1] Defendant Amanda Koontz joins this application in her letter dated January 24, 2010.

argument was heard. This Court having considered all submissions, and for the reasons expressed herein, **grants** Defendants' motions to dismiss.

**I.     BACKGROUND**

All of Plaintiff's claims stem from alleged violations of CEPA. N.J.S.A. 34:19-1 to 8. Plaintiff explains that he is a respected and highly esteemed public servant and has been for over twenty years. Compl. ¶ 35. During his tenure at the Irvington PD, Plaintiff states he excelled and maintained exceptional grades and tested well on all promotional exams, testing second out of all candidates in the department for a sergeant position and first for a lieutenant position. Id. 35. Plaintiff claims the issues raised in the complaint transpired over a five year period and resulted from numerous individual and combined incidents. Id. 35. Plaintiff alleges that Defendants have engaged in acts of retaliation, harassment and discrimination in their employment practices resulting in the denial of promotions, the unfair institution of disciplinary action and the termination of Plaintiff. Compl. ¶ 43. Plaintiff's alleged wrongful termination occurred on October 19, 2010. Compl. ¶ 42.

Plaintiff claims that Defendant Charles Burghardt was employed by Defendant Township of Irvington's Police Department ("Irvington PD") as a Police sergeant. Plaintiff asserts that Burghardt directly engaged in, aided, abetted, and/or conspired with others and/or otherwise facilitated unlawful conduct and the wrongful termination of the Plaintiff. Compl. ¶ 26. Plaintiff claims the same against Defendant Sharon Noel, also employed by Defendant Irvington PD as a police sergeant. Compl. ¶ 33. More specifically, Plaintiff claims that Defendants failed to act on Plaintiff's belief that an Officer should have been subjected to a reasonable suspicion drug test, and that Plaintiff's expression of his belief led to his wrongful termination. Compl. ¶ 53. On December 13, 2008 he was approached by an Officer who complained of fatigue and

that he would be unable to come to work the next day. Plaintiff wrote a memo describing both the Officer's condition and his reasoning for handling the matter by submitting a sick report on the Officer's behalf. Compl. ¶ 46. Plaintiff explained that the Officer was sleeping while guarding electrical lines on two occasions and suspected the Officer would show signs of inebriation and lethargy, which would provide a basis for subjecting him to a reasonable suspicion drug test. Compl. ¶ 48. Plaintiff documented this information and notified Defendant Jamie Oliviera that he was initiating disciplinary action against the Officer. Compl. ¶ 51. Plaintiff states that he was brought up on eight departmental disciplinary charges related to this incident including: 1) neglect of duty; 2) incompetency; 3) inability to perform duties; 4) immediate notification; 5) reasonable suspicion drug testing notification; 6) duties of desk lieutenant; 7) familiarization with rules and regulations; and, ignorance of contents of manual. Compl. ¶ 52.

Plaintiff, in a similar style, describes an incident with Defendant Michael Chase wherein he alleges that Defendant Chase allowed his personal life, namely a relationship with another Officer's sister, to impact the work environment. Compl. ¶ 114. Plaintiff states that he wrote a complaint describing the same to Internal Affairs and alleges that following, Defendant Chase decidedly initiated a "campaign of retaliation, harassment and the establishment of a hostile work environment." Compl. ¶ 111. More specifically, Plaintiff states that the retaliation included: 1) a fraudulent investigation; 2) prosecution of Plaintiff for "invoking his rights"; and, 3) denying Plaintiff a promotion to police captain. Compl. ¶ 112. Plaintiff claims that disciplinary action related to this incident was then delayed for over a year pretextually so that Plaintiff would be denied promotion. Compl. ¶ 119.

Plaintiff claims that the fictitious names for yet unidentified individuals, partnerships, corporations or other forms of public or private entities, are liable to Plaintiff, whether as aiders, abettors, conspirators, persons acting in combination who participated in and/or facilitated the unlawful misconduct and wrongful termination.  Compl. ¶ 34.

**II.   STANDARD OF REVIEW**

In reviewing a motion to dismiss, it is well-established that a court should "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." M & M Stone Co. v. Pa., 388 Fed.Appx. 156, 162 (3d Cir. 2010).  In deciding a motion to dismiss, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).  Instead, when their truth is assumed, those factual allegations "must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.  To survive a motion to dismiss, the complaint must state a plausible claim.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

The Court must apply a more liberal standard of review to claims presented by a Plaintiff filing pro se.  Haines v. Kerner, 404 U.S. 519, 520 (1972); see also United States ex. rel Montgomery v. Brierley, 414 F.2d 552 (3d Cir. 1969).  Indeed, the Third Circuit has advised that a petition made without the benefit of counsel must be read with a measure of tolerance.  Wade v. Yeager, 377 F.2d 841, 846 (3d Cir. 1967).

**III.   DISCUSSION**

A Plaintiff who brings a cause of action pursuant to N.J.S.A. 34:19-3(c) must demonstrate that: (1) he or she reasonably believed that his or her employer's conduct was violating either a law, rule or regulation promulgated pursuant to law, or a clear mandate of public policy; (2) he or she performed a "whistle-blowing" activity; (3) an adverse employment action was taken against him or her; and, (4) a causal connection exists between the whistle-blowing activity and the adverse employment action. Dzwonar v. McDevitt, 177 N.J. 451, 462 (2003) (citation omitted).

Taking the statute of limitations issue as an initial matter, this Court discusses the one year bar to civil filings by a former employee. The statute reads, "Upon a violation of any of the provisions of [CEPA], an aggrieved employee or former employee may, within one year, institute a civil action in a court of competent jurisdiction." Id. In other words, a former employee must bring suit within one year from the violation. The New Jersey Supreme Court further defined "violation" in Alderiso v. Med. Ctr. of Ocean Cnty., Inc. When the employer's alleged conduct consists of wrongful termination, the Court found, the employee's cause of action under CEPA accrues on the date of actual discharge. 167 N.J. 191, 194 (2001). Plaintiff was discharged on October 19, 2010, Plaintiff filed this complaint in Superior Court on October 3, 2011. Therefore, Plaintiff filed his civil complaint within the time allotted under the applicable statute of limitations.

Turning to the issue of Plaintiff's statement of a plausible claim for relief, this Court finds that Plaintiff fails to make the requisite showing to surmount a motion to dismiss under the Rule 12(b)(6) standard. Defendants Shamberger and Piwowareczyk persuasively argue that not all Defendants' conduct rises to the level of an "adverse employment action." Ivan v. Cnty. of Middlesex, 595 F.Supp.2d 425, 471 (D.N.J. 2009). An adverse employment action must be

serious and tangible, enough to materially alter the employee's terms and conditions of employment or adversely affect his status as an employee. The definition typically includes discharge, suspension or demotion. This conclusion is fatal to Plaintiff's CEPA claims against subordinate Defendants who could not have caused an adverse employment action. Such Defendants are without the authority to terminate a colleague or superior and are not liable to Plaintiff for such actions under CEPA.

Notably, the foregoing argument is fatal to Plaintiff's retaliation claim, as well, since retaliation requires proof that claimant was subjected to an adverse employment decision. In this area of law, "adverse employment decision" has been defined similarly to include termination, suspension and constructive discharge. Ivan v. Cnty. of Middlesex, 595 F.Supp.2d 425, 471 (D.N.J. 2009). A subordinate employee cannot make such significant employment decisions regarding the state of employment of a superior.[2] Plaintiff's retaliation and CEPA claims against subordinate employees fail on these foundational grounds.

Another fatal flaw in Plaintiff's pleading is that allegations are not addressed specifically to a named Defendant. Instead, Plaintiff alleges that piecemeal conduct of several Irvington P.D. employees supplies proof of his CEPA claim. Defendant Tavares, for example, notes Plaintiff's allegations that he: 1) asked to report out sick; 2) failed to cooperate in an alleged investigation in which Plaintiff engaged; and, 3) made a statement in a written memo as opposed to having a "simple conversation." (Tavares Reply 1, Feb. 14, 2012, ECF No. 65). These allegations do not rise to the level of retaliatory conduct, nor do they state a prima facie case under CEPA.

---

[2] For instance, Defendant Charles P. Burghardt notes that as a subordinate of Plaintiff, any actions he may have taken "are not sufficient to set forth a CEPA claim." (Def. Burghardt's Mot. to Dismiss 3, Feb. 9, 2012, ECF No. 61).

As far as Plaintiff's claim under 42 U.S.C. § 1983, he faces similar issues proving liability of subordinate defendants.  For instance, Defendants Bork, Brown, Boryschuk, Massmo, Gattison, Noel and McNally state that they are not "employers" for § 1983 purposes because they were not Plaintiff's supervisors.  Further, Defendants were not empowered by the company to make economic decisions affecting other employees under their control.  See Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 762 (1998).  Making complaints, engaging in investigations directed by superiors, and monitoring officer logs for documentation and other incompetencies are not "tangible employment actions," actionable under § 1983.  See Def.'s Bork. et. al Reply Br. 7, Feb. 13, 2012, ECF No. 64).

Regarding Defendants having the authority to make employment decisions such as the Plaintiff's termination, he fails to link his conduct to the employer's decision to terminate.  As Defendants aptly note through the application of the Piniero v. New Jersey Division of State Police decision to the instant matter, the proposition that complaints about nepotism and cryonism constitute whistleblowing activity under CEPA is questionable. No. L–582–022012 WL 2890791, at *18 (N.J. Super. Ct. App. Div. July 17, 2012).  Plaintiff makes an impressive effort to show that his claims are sustainable, however the facts provided are not enough to make a prima facie showing of conduct with the legal significance needed to surmount Rule 12(b)(6)'s standard.

Despite the length of Plaintiff's complaint, Plaintiff fails to supply facts pertinent to the statutes under which he files.  Plaintiff does not provide the specific connections necessary to show that any named Defendant conducted him or herself in such a way that violates CEPA or § 1983.

### **IV.** **CONCLUSION**

Based on the foregoing, for the reasons herein expressed, Defendants nine motions to dismiss are **granted**. An appropriate order, filed this day, follows this opinion.

S/DENNIS M. CAVANAUGH<br>
Dennis M. Cavanaugh, U.S.D.J.

Date:   August  31st, 2012
cc:      Clerk
           All counsel of record
           Honorable Mark Falk, U.S.M.J.