NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALTER W. YOUNG, JR., | Hon. Dennis M. Cavanaugh |
| Plaintiff, | OPINION |
| v. | Civil Action No. 2:11-cv-06855 (DMC)(JBC) |
| TOWNSHIP OF IRVINGTON, et al., | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion of Paula Dow ("Dow"), Clara Rodriquez ("Rodriguez"), and the Essex County Prosecutor's Office ("ECPO") (collectively "Defendants") to Dismiss the Complaint of Walter W. Young, Jr. ("Plaintiff"), pursuant to FED. R. CIV. P. 12(b)(6). Pursuant to FED. R. CIV. P 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendants' Motion is **granted**.

I.  BACKGROUND[1]

Plaintiff is a former Irvington Police Officer who was terminated on October 19, 2010. Plaintiff claims that from December 2006 to September 2011, he was subject to multiple incidents of harassment, retaliation, and discrimination. Plaintiff alleges that while he was employed with the Irvington Police Department, he submitted numerous complaints to the ECPO

---

[1] The facts from this section are taken from the parties' pleadings.

1

regarding this alleged misconduct. Plaintiff claims that on July 31, 2008, Rodriquez sent a memorandum to Plaintiff in response to his complaints (the "Response"). Plaintiff asserts that Dow was also involved in writing the Response. Plaintiff claims that although he sent numerous complaints to the ECPO, including one dated January 24, 2007, the Response only acknowledged Plaintiff's complaints that were sent during February 2007. Further, Plaintiff asserts that the Response focused almost entirely on one particular complaint by Plaintiff, and that Rodriquez and Dow ignored the crux of the concerns raised in his other complaints.

The Response concluded that Plaintiff's rights were not being violated. Plaintiff claims that Rodriquez and Dow "failed to forward the complaint to the department of Professional Standards [so] that it may be properly investigated." Plaintiff asserts that instead of providing him the opportunity to be interviewed and provide additional evidence or statements, Dow and Rodriquez wrote the following in the Response: "In February of 2007, the Professional Standards Bureau reviewed the charges [Plaintiff] made against [defendants] and determined that they were administrative in nature and closed the matter." Plaintiff claims that allowing the case to close without making any further efforts to aid Plaintiff "gave . . . all other defendants the green light to go after [P]laintiff."

Plaintiff filed a 300 page Complaint in the Superior Court of New Jersey on October 3, 2011, alleging sixty counts ("Compl.," ECF No. 1, Ex. A). The case was thereupon removed to this District. Defendants filed a Motion to Dismiss on April 23, 2013 (ECF No. 116). Defendants' Motion is unopposed.

## II. STANDARD OF REVIEW

In deciding a motion under FED. R. CIV. P. 12(b)(6), the District Court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the

light most favorable to the [plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." Id. On a motion to dismiss, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Plaintiff's complaint is subject to the heightened pleading standard set forth in Ashcroft v. Iqbal:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. 662, 678-679 (2009) (quoting Twombly, 550 U.S. at 557, 750).

### III. DISCUSSION

Although a number of counts in the Complaint specify in headings which defendants are included, a large number either do not include this specificity or state that "all defendants" are included. Plaintiff asserts that "[w]here the claims and counts do not specify a particular defendant, it refers to all defendants, who either committed the alleged act against [P]laintiff directly or, who through their actions and/or omissions committed the acts against [P]laintiff indirectly and/or as a proximate cause" (Compl. ¶ 551). However, it is clear that Plaintiff could not have intended to include the instant Defendants in certain counts that do not state in their

3

headings which defendants are included.[2] Therefore, this Court will address any count that expressly names the instant Defendants in the heading, refers to "all defendants" in the heading, or does not specify which defendants are included but could reasonably include the instant Defendants based on the facts addressed in the count.

All claims against the instant Defendants stem from alleged violations of 42 U.S.C § 1983 (count 1), the New Jersey Conscientious Employee Protection Act ("CEPA") (counts 3-4 and 12), tort law (counts 25, 33, 37-38, and 52) and the New Jersey Constitution (counts 34-36). Additionally, count 26 alleges civil conspiracy.

Plaintiff's claims against Defendants are premised on the Response, which Plaintiff asserts was sent on July 31, 2008. Plaintiff does not allege any actions taken by Defendants after this date. Plaintiff's Complaint was filed on October 3, 2011, over three years later. In New Jersey, the statute of limitations for claims arising under § 1983 is two years. Kreimer v. Nat'l R.R. Passenger Corp., No 11-3453, 2011 WL 4906631, at *1 (D.N.J. Oct. 13, 2011). The statute of limitations for CEPA violations is one year. N.J.S.A. § 34:19-5. The statute of limitations for tort claims is two years. N.J.S.A. § 59:8-8. Further, a plaintiff is barred from recovering against a public entity or employee if he fails to file a notice of tort claim within ninety days of the accrual of the claim. Id. The statute of limitations for claims arising under the New Jersey Constitution is two years. Brodie v. Gloucester Twp., No. 11-1914, 2012 WL 295291, at *5 (D.N.J. Feb. 1, 2012). Finally, to the extent that any of Plaintiff's claims could be construed as arising under the New Jersey Law Against Discrimination ("NJLAD"), the statute of limitations is two years.

---

[2] For example, count 23 refers to the "conduct of defendants," but does not name which defendants are included in this group. However, this count alleges Denial of Promotion and obviously cannot include the instant Defendants, as they were not Plaintiff's employer and clearly could not have had any input in the decision to deny Plaintiff a promotion.

Montells v. Haynes, 627 A.2d 654, 659 (N.J. 1993).[3] Accordingly, any claim based on these grounds must be dismissed.

Plaintiff's civil conspiracy claim also fails. To state a claim for civil conspiracy, a plaintiff must show "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." Morgan v. Union Cnty. Bd. of Chosen Freeholders, 633 A.2d 985, 998 (N.J. Super. Ct. App. Div. 1993) (internal quotations and citation omitted). Plaintiff has not alleged a single fact to show that Defendants made an agreement to inflict an injury upon him other than stating that "[t]he individual [d]efendants agreed to commit the misconduct described [in the Complaint]" (Compl. ¶ 577). This is entirely insufficient to meet the heightened pleading standard set forth in Iqbal. Accordingly, Defendants' Motion to Dismiss is granted.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **granted**. An appropriate order follows this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date: October 18, 2013
Original: Clerk's Office
cc: Hon. James B. Clark U.S.M.J.
All Counsel of Record
File

---

[3] This Court also notes that any claims based on the CEPA or NJLAD must fail because no employment relationship existed between Plaintiff and Defendants. See Thomas v. Cnty. of Camden, 902 A.2d 327, 334 (N.J. Super. Ct. App. Div. 2006) (stating that "the lack of an employment relationship between the plaintiff and the defendant will preclude liability" under the NJLAD); Young v. Schering Corp., 660 A.2d 1153, 1161 (N.J. 1995) (stating that the CEPA "covers action taken only with respect to [an] employment relationship established between [an] employer and employee").